Board of County Commissioners of Pitkin County, Plaintiff in Error, v. Law, Defendant in Error.

1. Statutory Construction.
A penal statute must be strictly construed.
2. Same.
The intention of the legislature in enacting, sec. 2537 Gen. Stats., was to punish any person who, knowingly and intentionally, caused a pauper to be taken from the county where domiciled and transported to another, with the knowledge and intention of relieving the county of domicile from a charge of support, and making the person a charge upon the other county.
3. Same.
In order to warrant a conviction under this statute it must appear beyond controversy that the person was a pauper within the legal definition of the word, had legal domicile in the county from which the removal was made, and not in the county to which he was taken or sent, and a knowledge of the facts by the person charged from which the intention, if not expressed, could legally be implied.
4. Intention.
In cases under this statute intent is an element of the offense.

*Error to the District Court of Pitkin County.*

Messrs. Wilson & Salmon, for plaintiff in error.

Mr. D. E. Parks and Mr. Phil. O'Farrell, for defendant in error.

Reed, J., delivered the opinion of the court

This action was brought to recover a penalty of $200 for an alleged violation of the provisions of sec. 2537 Gen'l Stats., as follows :—

"If any person shall bring and leave any pauper or paupers in any county in this state, wherein such pauper is not lawfully settled, knowing him or them to be paupers, he shall forfeit and pay the sum of two hundred dollars for every such offense, to be sued for and recovered, by and to the use of such county, by action of debt, before any court having competent jurisdiction ; and the suit may be brought in the county where the pauper was so brought and left, and the process may be directed to and served by any proper officer in any county of this state."

Prior to October 10, 1890, Ellen Crandall was a resident of Aspen, Pitkin county, and, it appears, had been self-supporting—had a daughter married and settled at that place. About the date mentioned she sold out her limited effects, receiving about $40.00. She and Mrs. Skane went to Leadville, Lake county, opened a laundry and prosecuted the business until the latter part of January, '91, or first of February, when she was taken sick, used up her means and applied to the county authorities for assistance ; defendant was the officer in charge of the charity department. Sometime, probably early in February, she applied to the defendant for transportation to Aspen, which she obtained, visited her daughter for a day or two, then applied to the officer of Pitkin county for assistance, was by him sent back to Lake county, where she remained until March 4th, when she again applied to the defendant and obtained transportation back to Aspen. After her return she became a charge upon the county of Pitkin, and this suit was brought. It was tried by the court with-

out a jury, resulting in a judgment for the defendant, and this appeal prosecuted.

The statute is penal and must be strictly construed. The obvious intention of the legislature was to punish any person who knowingly and intentionally caused a pauper to be taken from the county where domiciled, and transported to another with the knowledge and intention of relieving the county of domicile from the charge of support, and making the person a charge upon the other county. In order to warrant a conviction it must transpire, beyond controversy, that the person was a pauper within the legal definition of the word; had legal domicile in the county from which the removal was made, and not in the county to which taken or sent—and a knowledge of these facts by the person charged, from which the intention, if not expressed, could legally be implied. In all cases of this character the intention is an important element of the offense. In this case the questions were of facts principally, although had the other facts been found against the defendant, the question of domicile might have required a determination. The testimony upon one important point was conflicting, the defendant and his assistant testifying to the woman's statement, that having a daughter and friends in Aspen she would not become a public charge. This was denied by the woman Crandall; otherwise there was no material conflict of evidence.

The evidence was not sufficiently conclusive and determinate to establish the statutory offense. The finding and judgment of the court should not be disturbed.

*Affirmed.*